UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JANE DOE,

                Plaintiff,

v.                                                                           5:18-CV-01100
                                                                             (BKS/TWD)
SYRACUSE UNIVERSITY,

                Defendant.
_____

APPEARANCES:                                                                 OF COUNSEL:

PARK LEGAL COUNSEL GROUP, PLLC                                               JOON H. PARK, ESQ.
Attorneys for Plaintiff
140 Broadway, 46F
New York, New York 10005


BARCLAY DAMON, LLP                                                           EDWARD G. MELVIN, ESQ.
Attorney for Defendant
Barclay Damon Tower
125 East Jefferson Street
Syracuse, New York 13202

THÉRÈSE WILEY DANCKS, United States Magistrate Judge

## MEMORANDUM-DECISION and ORDER

**I.     BACKGROUND**

Plaintiff seeks monetary and injunctive relief for alleged wrongful expulsion from Defendant Syracuse University ("SU") in violation of its own disciplinary rules and policies, Title IX of the Education Amendments of 1972 codified at 20 U.S.C. §§1681-1688 ("Title IX"), 34 C.F.R. 106, and New York State Education Law §6444. *See generally* Complaint (Dkt. No. 1). In lieu of answering the Complaint, SU filed a Motion to Dismiss. (Dkt. No. 10.) Shortly

thereafter, Plaintiff's attorneys, Park Legal Counsel Group, PLLC ("Park"), filed a Motion to Withdraw (Dkt. No. 15) which is presently before the Court.  The Court then directed Plaintiff's attorneys to file proof of service of the motion on Plaintiff and provided an opportunity for Plaintiff and Defendant SU to respond to the motion. (Dkt. Nos. 16, 17.)  Defendant SU does not oppose the motion (Dkt. No. 20), however, Plaintiff opposes the motion.  (Dkt. No. 21.) Plaintiff's attorneys then filed a reply which the Court has accepted and considered although it was filed without previous permission as required by Local Rule 7.1.  (Dkt. Nos. 22, 23.)  As a preliminary matter, the Court also notes that Park has not filed a separate Memorandum of Law in accordance with Local Rule 7.1.  The decision whether to proceed notwithstanding this deficiency falls within the discretion of the Court.  In the interests of judicial economy, the Court is accepting Park's filings as they stand.

For the reasons that follow, the Court denies Plaintiff's attorneys Motion to Withdraw without prejudice.

## II. LEGAL STANDARD

Withdrawal of counsel in a civil case is governed by Local Rule 83.2(b) which provides:

> An attorney who has appeared may withdraw only upon notice to the client and all parties to the case and an order of the Court, upon a finding of good cause, granting leave to withdraw . . . .  Unless the Court orders otherwise, withdrawal of counsel, with or without the consent of the client, shall <u>not</u> result in the extension of any of the deadlines contained an any case management orders . . . or the adjournment of a trial ready or trial date.

N.D.N.Y. L.R. 83.2(b).

"Whether to grant or deny a motion to withdraw as counsel 'falls to the sound discretion of the trial court.'" *Stair v. Calhoun*, 722 F. Supp. 2d 258, 264 (E.D.N.Y. 2010) (quoting *In re*

2

*Albert*, 277 B.R. 38, 47 (Bankr. S.D.N.Y. 2002)).  In determining whether good cause has been shown for withdrawal, federal courts look to the various codes of professional responsibility, although courts are not bound by the codes.  *See Whiting v. Lacara*, 187 F.3d 317, 321 (2d Cir. 1999) (referring to the Code of Professional Responsibility to illustrate both mandatory and permissive situations for withdrawal of counsel); *Heck-Johnson v. First Unum Life Ins. Co.*, No. 01-CV-1739 (GLS/RFT), 2006 WL 1228841, at *4, 2006 U.S. Dist. LEXIS 26265, at *10 (N.D.N.Y. May 4, 2006) (citing to the New York State Code of Professional Responsibility, which is based upon the Model Code).  Courts must analyze "the reasons for withdrawal and the impact of the withdrawal on the timing of the proceeding." *Karimian v. Time Equities, Inc.*, No. 10 Civ. 3773 (AKH/JCF), 2011 WL 1900092, at *2, 2011 U.S. Dist. LEXIS 51916, at *3-4 (S.D.N.Y. May 11, 2011).  "The court must ensure . . . that the prosecution of the suit is not disrupted by the withdrawal of counsel."  *Brown v. Nat'l Survival Games, Inc.*, No. 91-CV-221 (HGM), 1994 WL 660533, at * 3, 1994 U.S. Dist. LEXIS 16572, at *9 (N.D.N.Y. Nov. 18, 1994) (citation omitted).

There is no concrete standard for what constitutes a satisfactory reason for withdrawal, but district courts in the Second Circuit in reviewing reasons for withdrawal have found "the existence of an irreconcilable conflict between attorney and client is a proper basis for the attorney to cease representing his client." *Lan v. AOL Time Warner, Inc.*, No. 11 Civ. 2870(LBS)(JCF), 2011 WL 5170311, at *1, 2011 U.S. Dist. LEXIS 126549, at *3 (S.D.N.Y. Oct. 31, 2011) (citation and punctuation omitted) (collecting cases).  Further, an attorney may have valid reasons to withdraw when the client insists that the attorney pursue claims that are not part of a lawsuit or call witnesses the attorney deems detrimental to the case.  *See Whiting*, 187 F.3d

317, 322 (citing Model Code DR 2-110(C)(1)(a)).  Lack of communication with the client, lack of cooperation, and an "acrimonious relationship" with the client may be good cause for withdrawal.  *Munoz v. City of New York*, No. 04 Civ. 1105(JGK), 2008 WL 2843804, at *1, 2008 U.S. Dist. LEXIS 55297, at *2 (S.D.N.Y. July 15, 2008).  However, a client's refusal to accept a settlement offer and failure to pay legal fees are not valid reasons on their own to permit withdrawal.  *See, e.g., Vaughn v. Am. Tel. & Tel. Co.*, No. 96 Civ. 0989 (LAK), 1998 WL 760230, at *1, 1998 U.S. Dist. LEXIS 17129, at *3 (S.D.N.Y. Oct. 30, 1998) (refusal of a client to accept settlement offer "does not amount to good cause for withdrawal" without further compelling reasons); *Whiting*, 187 F.3d at 321 (nonpayment of certain disputed fees asserted without sufficient particularity not enough to justify withdrawal, but withdrawal permitted on other grounds); *Burack v. Epstein*, No. 88 CIV. 4433 (JES), 1990 WL 129176, at * 1, 1990 U.S. Dist. LEXIS 11497, at *5 (S.D.N.Y. Aug. 30, 1990) (withdrawal not permitted where attorney made insufficient showing of client's failure to pay litigation expenses and agreement was unclear regarding such expenses).

When considering the impact of withdrawal, courts consider the prejudice withdrawal may cause to the client and other litigants, the harm the withdrawal might cause to the administration of justice, and the degree to which withdrawal will delay the resolution of the case.  *See Bruce Lee Enterprises, LLC v. A.V.E.L.A., Inc.*, No. 1:10 C 2333(MEA), 2014 WL 1087934, at * 3, 2014 U.S. Dist. LEXIS 37574, at *11 (S.D.N.Y. Mar. 19, 2014) (court must weigh the impact of withdrawal on the progress of the action and take into account the prejudice, harm, and burden to client, the lawyer, and the judicial system which may be caused by the withdrawal) (citations omitted).

**III.    DISCUSSION**

In its initial motion papers, Park provides little detail as to the grounds for the motion other than it "[h]as experienced irreconcilable differences with its client Jane Doe regarding [Park's] further representation even though [Park] clearly explained to Jane Doe regarding the limited scope and time of representation and further schedule in this case since the Defendant's motion to dismiss the complaint was filed against her." (Dkt. No. 15 at 1.[1]) Upon the Court's directive that Park serve the motion on Plaintiff (Dkt. No. 16), Park filed an affidavit of service showing that Plaintiff is located in South Korea. (Dkt. No. 17 at 2.)

Plaintiff Jane Doe's opposition to the motion (Dkt. No. 21) makes it clear that Plaintiff paid a substantial retainer to Park. (Dkt. No. 21 at 1.) In its reply, Park acknowledges it received the initial total retainer payment and that Plaintiff signed an initial retainer agreement. (Dkt. No. 22 at 1.) Plaintiff then signed a second retainer agreement. *Id.* However, Park did not submit a copy of the initial retainer agreement, nor did Plaintiff. Park did submit a copy of the second retainer agreement. *Id.* at 4-8. According to Park, the first retainer payment covered the "[i]nitial stage up to the filing of the Summons and Complaint . . . ," and the second retainer payment would cover "the motion to dismiss and discovery up to the Initial Pretrial Conference. . . ." Both Park and Plaintiff indicate that Plaintiff paid a portion of the second retainer payment, although the amount each claims was paid differs slightly. (Dkt. Nos. 21 at 2; 22 at 2.) Even with that discrepancy, Plaintiff has paid over 20% of the second retainer.

Clearly, the reason for the withdrawal motion is nonpayment of legal fees. In fact, Park

---

[1]  Page numbers in citations to documents identified by docket number refer to the page numbers inserted by the Court's electronic filing system maintained by the Clerk's Office.

notes that it did not threaten Plaintiff, but "[o]nly demanded her full payment [on the second retainer] upfront as she did in the initial stage and alerted her of our intention of withdrawing as her counsel when it was clear she failed to make the full payment we agreed on and she had no intention of paying the balance." (Dkt. No. 22 at 2.) However, Plaintiff indicates that she "[a]greed to make the additional payment when I am ready for [sic] the money." (Dkt. No. 21 at 1.)

"Non-payment of legal fees, without more, is not usually a sufficient basis to permit an attorney to withdraw from representation." *United States v. Revere Armored, Inc.*, No. 97-6112, 1997 WL 794460, at *3 (2d Cir. Dec. 30, 1997) (unpublished decision), citing *In re Myers*, 120 B.R. 751, 752 (Bankr. S.D.N.Y. 1990). While Park contends Plaintiff "simply ignores all the hard work we did for her," and it does "not feel appreciated" by her and is "disappointed with [her] demeanor and attitude," Park sets forth nothing other than the nonpayment of the second full retainer as the basis for the withdrawal motion. (Dkt. No. 22 at 2.) In addition to stating she will make further payments when she has the money, rather than a stark refusal to pay the complete second retainer fee, Plaintiff states she would like to remain with her lawyers and notes "I will do my best in my part for my case." (Dkt. No. 21 at 2.)

Further, there is no evidence that Plaintiff has not cooperated with her lawyers in prosecuting the matter, or failed to communicate with them. Park has not shown Plaintiff seeks to have her attorneys pursue some claim that is not part of the suit, or call witnesses Park deems detrimental to the case. Rather, both Park and Plaintiff acknowledge she has paid the entire first retainer which was a substantial amount, and over 20% of the second retainer while indicating she intends to pay the balance when she has the money. *Id.* at 1. There is no evidence that

Plaintiff is unable to fulfill the payment obligation on the second retainer, and the total payments to date exceed the remaining balance due on the second retainer. There has been no showing that the nonpayment of the balance of the second retainer has become a severe financial hardship on the Park firm. Moreover, Plaintiff is apparently located in South Korea, and it would present a hardship for her to find a another attorney at this stage with a motion to dismiss pending.

Under these circumstances, and on the record before the Court, withdrawal is not warranted at this time. *See Rophaiel v. Alken Murray Corp.*, No. 94 CIV. 9064 (CSH), 1996 WL 306457, at *1 (S.D.N.Y. June 7, 1996) (denying counsel's motion to withdraw based solely on nonpayment of fees when allegation was not made with sufficient particularity); *see also Whiting*, 187 F.3d at 321 (nonpayment of certain disputed fees asserted without sufficient particularity not enough to justify withdrawal, but withdrawal permitted on other grounds); *c.f. Team Obsolete Ltd. v. A.H.R.M.A., Ltd.*, 464 F. Supp. 2d 164, 166-67 (E.D.N.Y. 2006) (withdrawal permitted where it did not prejudice the client and counsel showed by affidavit that the longstanding unpaid legal representation had become a severe financial hardship to counsel). The Court finds that continued representation at this time will not impose an unreasonable financial burden to Park who has already been paid the majority of what is owed on the two retainers put together, and Plaintiff has stated that she intends to pay her legal bills. *See In re Albert*, 277 B.R. at 46. Moreover, Park has developed an understanding of the case and is in the best position at this time to prepare a response to the pending motion to dismiss, especially since Plaintiff is located in South Korea.

## IV. CONCLUSION

For the reasons stated herein, the Court denies Park's motion to withdraw without

prejudice at this time.

**WHEREFORE**, it is hereby

**ORDERED** that the Motion to Withdraw (Dkt. No. 15) by Park Legal Counsel Group, PLLC, is **DENIED** without prejudice; and it is further

**ORDERED** that Plaintiff file a response to the Motion to Dismiss by 8/6/2019; and it is further

**ORDERED** that any reply by Defendant regarding the Motion to Dismiss is due 8/13/2019.

Dated: July 16, 2019
Syracuse, New York

_____
Thérèse Wiley Dancks
United States Magistrate Judge