UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JANE DOE,

                Plaintiff,

v.                                                                                  5:18-CV-01100
                                                                                    (BKS/TWD)
SYRACUSE UNIVERSITY,

                Defendant.
_____

APPEARANCES:                                        OF COUNSEL:

PARK LEGAL COUNSEL GROUP, PLLC                      JOON H. PARK, ESQ.
Attorneys for Plaintiff
140 Broadway, 46F
New York, New York 10005


BARCLAY DAMON, LLP                                  EDWARD G. MELVIN, ESQ.
Attorney for Defendant
Barclay Damon Tower
125 East Jefferson Street
Syracuse, New York 13202

THÉRÈSE WILEY DANCKS, United States Magistrate Judge

## MEMORANDUM-DECISION and ORDER

**I.     BACKGROUND**

Plaintiff seeks monetary and injunctive relief for alleged wrongful expulsion from Defendant Syracuse University ("SU") in violation of its own disciplinary rules and policies, Title IX of the Education Amendments of 1972 codified at 20 U.S.C. §§1681-1688 ("Title IX"), 34 C.F.R. 106, and New York State Education Law §6444. *See generally* Complaint (Dkt. No. 1). In lieu of answering the Complaint, SU filed a Motion to Dismiss (Dkt. No. 10) which is still

pending.  Plaintiff's attorneys, Park Legal Counsel Group, PLLC ("Park"), filed a Motion to Withdraw (Dkt. No. 15) which was denied without prejudice.  (Dkt. No. 24.)  Thereafter, Park filed a Motion for Reconsideration and to Stay Proceedings.  (Dkt. No. 27.)  The Court granted the request to stay the proceedings and adjourned all deadlines, including the time to respond to the Motion to Dismiss.  (Dkt. No. 30.)

Presently before the Court is Park's Motion for Reconsideration of Park's request to withdraw.  (Dkt. No. 27.)  Plaintiff's counsel served the Motion for Reconsideration and information regarding related deadlines for a response to the motion on Plaintiff as directed by the Court.  (Dkt. Nos. 30, 32.)  Plaintiff served her response in opposition to the Motion for Reconsideration in an untimely fashion; however, the Court has accepted and considered Plaintiff's response.  (*See* Text Notice 8/2/2019; Dkt. Nos. 30, 33.)  Park then filed a reply with permission of the Court, which has also been considered.  (Dkt. Nos. 35, 36.)  Defendant SU has not taken any position on the motion.  (Dkt. No. 21.)

For the reasons that follow, the Court grants Plaintiff's attorneys Motion for Reconsideration and grants Park's request to withdraw as counsel for Plaintiff.

**II.    LEGAL STANDARDS**

    **A.    Motion for Reconsideration**

Reconsideration is warranted where the moving party can show the court "overlooked" facts or controlling law that "might reasonably be expected to alter the conclusion reached by the court."  *Human Electronics, Inc. v. Emerson Radio Corp.*, 375 F. Supp. 2d 102, 114 (N.D.N.Y. 2004 (quoting *Schrader v. CSX Transp., Inc.* 70 F.3d 255, 257 (2d Cir. 1995)).  In the Northern District of New York, a court may grant a motion for reconsideration where, among other things,

new evidence not previously available comes to light, or in order "to correct a clear error of law or prevent manifest injustice." *Id.* (citing *United States v. Gagnon*, 250 F. Supp. 2d 15, 18 (N.D.N.Y. 2003)).

### B.     Withdrawal of Counsel

Withdrawal of counsel in a civil case is governed by Local Rule 11.1(b) (formerly Local Rule 83.2(b)) which provides:

> An attorney who has appeared may withdraw only upon notice to the client and all parties to the case and an order of the Court, upon a finding of good cause, granting leave to withdraw . . . . Unless the Court orders otherwise, withdrawal of counsel, with or without the consent of the client, shall not result in the extension of any of the deadlines contained an any case management orders . . . or the adjournment of a trial ready or trial date.

N.D.N.Y. L.R. 11.1(b).

"Whether to grant or deny a motion to withdraw as counsel 'falls to the sound discretion of the trial court.'" *Stair v. Calhoun*, 722 F. Supp. 2d 258, 264 (E.D.N.Y. 2010) (quoting *In re Albert*, 277 B.R. 38, 47 (Bankr. S.D.N.Y. 2002)). In determining whether good cause has been shown for withdrawal, federal courts look to the various codes of professional responsibility, although courts are not bound by the codes. *See Whiting v. Lacara*, 187 F.3d 317, 321 (2d Cir. 1999) (referring to the Code of Professional Responsibility to illustrate both mandatory and permissive situations for withdrawal of counsel); *Heck-Johnson v. First Unum Life Ins. Co.*, No. 01-CV-1739 (GLS/RFT), 2006 WL 1228841, at *4 (N.D.N.Y. May 4, 2006) (citing to the New York State Code of Professional Responsibility, which is based upon the Model Code). Courts must analyze "the reasons for withdrawal and the impact of the withdrawal on the timing of the proceeding." *Karimian v. Time Equities, Inc.*, No. 10 Civ. 3773 (AKH/JCF), 2011 WL 1900092,

at *2, 2011 U.S. Dist. LEXIS 51916, at *3-4 (S.D.N.Y. May 11, 2011). "The court must ensure . . . that the prosecution of the suit is not disrupted by the withdrawal of counsel." *Brown v. Nat'l Survival Games, Inc.*, No. 91-CV-221 (HGM), 1994 WL 660533, at * 3 (N.D.N.Y. Nov. 18, 1994) (citation omitted).

There is no concrete standard for what constitutes a satisfactory reason for withdrawal, but district courts in the Second Circuit in reviewing reasons for withdrawal have found "the existence of an irreconcilable conflict between attorney and client is a proper basis for the attorney to cease representing his client." *Lan v. AOL Time Warner, Inc.*, No. 11 Civ. 2870(LBS)(JCF), 2011 WL 5170311, at *1 (S.D.N.Y. Oct. 31, 2011) (citation and punctuation omitted) (collecting cases). Lack of communication with the client, lack of cooperation, and an "acrimonious relationship" with the client may be good cause for withdrawal. *Munoz v. City of New York*, No. 04 Civ. 1105(JGK), 2008 WL 2843804, at *1 (S.D.N.Y. July 15, 2008). However, a client's refusal to pay legal fees without more, is not valid reason to permit withdrawal. *See, e.g., Whiting*, 187 F.3d at 321 (nonpayment of certain disputed fees asserted without sufficient particularity not enough to justify withdrawal, but withdrawal permitted on other grounds); *Burack v. Epstein*, No. 88 CIV. 4433 (JES), 1990 WL 129176, at * 1, 1990 (S.D.N.Y. Aug. 30, 1990) (withdrawal not permitted where attorney made insufficient showing of client's failure to pay litigation expenses and agreement was unclear regarding such expenses).

When considering the impact of withdrawal, courts consider the prejudice withdrawal may cause to the client and other litigants, the harm the withdrawal might cause to the administration of justice, and the degree to which withdrawal will delay the resolution of the case. *See Bruce Lee Enterprises, LLC v. A.V.E.L.A., Inc.*, No. 1:10 C 2333(MEA), 2014 WL

1087934, at * 3 (S.D.N.Y. Mar. 19, 2014) (court must weigh the impact of withdrawal on the progress of the action and take into account the prejudice, harm, and burden to client, the lawyer, and the judicial system which may be caused by the withdrawal) (citations omitted).

### III. DISCUSSION

In its motion papers regarding the initial motion to withdraw (Dkt. No. 15), Park provided little detail as to the grounds for the motion to withdraw other than experiencing "[i]rreconcilable differences with [Plaintiff] regarding [Park's] further representation . . ." despite explaining the representation to Plaintiff and the ". . . further schedule in this case since the Defendant's motion to dismiss the complaint was filed against her." (Dkt. No. 15 at 1.[1])  Immediately after the Court issued its Memorandum-Decision and Order (Dkt. No. 24) on that motion, Park notified Plaintiff of the decision and attempted to resume the attorney-client relationship. (Dkt. Nos. 27-3 at 3; 27-7 at 2-4.)  A review of the communications between Park and Plaintiff after the Court's prior decision is new information not previously available and shows a very contentious relationship between Park and Plaintiff. (*See, e.g.,* Dkt. Nos. 27-7 at 2-4; 33 at 2-7.)  Therefore, the Court in its discretion finds that reconsideration is warranted because new information not previously available has come to light. *Human Electronics, Inc.,* 375 F. Supp. 2d at 114.

Turning to Park's request to withdraw, Park argues that Plaintiff has breached the retainer agreement between the parties by failing to hold up her end of the retainer agreement by paying agreed and required legal fees, and for failing to cooperate with counsel. (Dkt. No. 27-3 at 11-12.)  Plaintiff counters that she attempted to resolve the retainer agreement issue after receiving a

---

[1]   Page numbers in citations to documents identified by docket number refer to the page numbers inserted by the Court's electronic filing system maintained by the Clerk's Office.

copy of the Court's earlier decision. (Dkt. No. 33 at 1.) However, the new information contained in an email exchange between Park and Plaintiff, submitted by both parties, shows otherwise. (*See* 27-7 at 2-4; 33 at 2-7.) From the exchange, the Plaintiff clearly argues with Park regarding the work being done by Park on Plaintiff's behalf, and questions who is doing the work, and the value of the work. *Id.* Further, Plaintiff has failed to show in her response in opposition to the present motion that she has made any attempt to meet her obligations under the retainer agreement, and instead has shown that she specifically challenged the obligation and argued with Park about the parties' prior agreement. (Dkt. Nos. 27-7 at 3; 33 at 4.) Plaintiff also questioned the information provided by Park, and claimed her research contradicted the information provided by Park. *Id.* Park submitted other information which, although available prior to the earlier Motion to Withdraw that was denied by the Court without prejudice, also clearly shows a deterioration of the attorney-client relationship from the time the earlier motion to withdraw was filed to the time of the present motion. (*Compare* Dkt. No. 27-5 at 2-4 *with* Dkt. No. 27-7 at 2-4.)

     Given the information submitted on this motion by Park and Plaintiff, it is clear to the Court that withdrawal is appropriate at this time. While nonpayment of legal fees, without more, is insufficient as a basis to permit an attorney to withdraw from representation, *United States v. Revere Armored, Inc.*, No. 97-6112, 1997 WL 794460, at *3 (2d Cir. Dec. 30, 1997) (unpublished decision), citing *In re Myers*, 120 B.R. 751, 752 (Bankr. S.D.N.Y. 1990), Park has now shown that the relationship has deteriorated beyond repair, and Plaintiff has not exhibited any willingness to work with her attorneys nor made any effort to meet her obligations under the parties' agreement. The New York Code of Professional Responsibility permits an attorney to

withdraw from representation in situation where, *inter alia*, the client "[d]eliberately disregards an obligation to the lawyer as to expenses or fees." Disciplinary Rule 2-110, 22 N.Y.C.R.R. § 1200.15(C)(1)(f).  The information submitted shows that Plaintiff has deliberately been uncooperative with her lawyers regarding payment of agreed fees despite Park's efforts to gain compliance; she has not cooperated in prosecuting the matter; and she has failed to appropriately communicate with them.

Under these circumstances, and on the record before the Court, withdrawal is warranted at this time.  Park has provided particular and sufficient information showing the parties' relationship is acrimonious and civil communication between them is lacking.  Thus, the Court finds good cause for withdrawal beyond the wilful failure of Plaintiff to meet her obligations under the parties' retainer agreement.  *See Munoz*, No. 04 Civ. 1105(JGK), 2008 WL 2843804, at *1 (lack of communication and cooperation, along with an acrimonious relationship may be good cause for withdrawal); *compare Rophaiel v. Alken Murray Corp.*, No. 94 CIV. 9064 (CSH), 1996 WL 306457, at *1 (S.D.N.Y. June 7, 1996) (denying counsel's motion to withdraw based solely on nonpayment of fees when allegation was not made with sufficient particularity).  The Court finds that continued representation at this time is inappropriate since Plaintiff has been uncooperative and has challenged Park's veracity and actions putting the attorneys in an impossible situation rendering it "[u]nreasonably difficult for [Park] to carry out such employment effectively."  *Farmer v. Hyde Your Eyes Optical, Inc.,* 60 F. Supp. 3d 441, 445 (S.D.N.Y. 2014) (citation omitted).

The Court also has considered the effect withdrawal will have on the timing of the proceeding.  Since the case is in its early stages and not on the eve of trial, the Court finds any

delay from Park's withdrawal will not adversely affect the Court's trial calendar nor prejudice Plaintiff since she will be provided ample opportunity to find new counsel. *See, e.g. Estate of Larry Shaw and Susan Shaw v. Marcus*, Nos. 7:14-cv-3849 (NSR), 7:14-cv-5653 (NSR), 2016 WL 4679734, at *2 (S.D.N.Y. Sept. 6, 2016) (citations omitted) (court conditionally granted withdrawal motion although it would impact timing of motions and discovery where case was not on the verge of trial). The case will remain stayed at this time to permit Plaintiff an opportunity to find new counsel or appear pro se.

### IV.   CONCLUSION

For the reasons stated herein, the Court grants Park's motion for reconsideration and to withdraw as counsel for Plaintiff at this time.

**WHEREFORE**, it is hereby

**ORDERED** that the Motion for Reconsideration (Dkt. No. 27) by Park Legal Counsel Group, PLLC, is **GRANTED** and said counsel is relieved as counsel for Plaintiff; and it is further

**ORDERED** that Park Legal Counsel Group, PLLC's request for a stay is **DENIED** as moot since the case is already stayed (Dkt. No. 30); and it is further

**ORDERED** that Park Legal Counsel Group, PLLC, shall serve this Order on Plaintiff no later than February 5, 2021, via electronic means and hard copy mail or delivery service, and file a certificate of service by February 9, 2021; and it is further

**ORDERED** that Plaintiff has 60 days from the date of this Order to notify the Court of her new attorney or notify the Court that she is proceeding pro se. If proceeding pro se, Plaintiff must notify the Court of a current address and phone number where she can be reached; and it is

further

**ORDERED** that Plaintiff's failure to notify the Court of such information within 60 days from the date of this Order may result in sanctions including a recommendation that this action be dismissed for failure to prosecute, and failure to follow Court directives and orders; and it is further

**ORDERED** that this matter remains stayed until further Order of the Court.

Dated: February 3, 2021
Syracuse, New York

Therèse Wiley Dancks
United States Magistrate Judge