UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

JANE DOE,

                       Plaintiff,

v.                                                     5:18-CV-01100
                                                      (BKS/TWD)

SYRACUSE UNIVERSITY,

                       Defendant.

_____

APPEARANCES:                             OF COUNSEL:

JANE DOE
Plaintiff pro se
(06274) #304 201
Eonju-ro, Gangnam-gu
Seoul, South Korea
010-2082-2505

PARK LEGAL COUNSEL GROUP, PLLC        JOON H. PARK, ESQ.
Former Attorneys for Plaintiff
420 Lexington Avenue, #1402
New York, New York 10170

BARCLAY DAMON, LLP                 EDWARD G. MELVIN, ESQ.
Attorney for Defendant
Barclay Damon Tower
125 East Jefferson Street
Syracuse, New York 13202

THÉRÈSE WILEY DANCKS, United States Magistrate Judge

**DECISION and ORDER**

## I.    BACKGROUND

    Plaintiff seeks monetary and injunctive relief for alleged wrongful expulsion from

Defendant Syracuse University ("SU") in allegedly violation of its own disciplinary rules and

policies, Title IX of the Education Amendments of 1972 codified at 20 U.S.C. §§1681-1688

("Title IX"), 34 C.F.R. 106, and New York State Education Law §6444.  *See generally*

Complaint (Dkt. No. 1).  In lieu of answering the Complaint, SU filed a motion to dismiss (Dkt.

No. 10) which is still pending.  Plaintiff's former attorneys, Park Legal Counsel Group, PLLC

("Park"), filed a motion to withdraw (Dkt. No. 15) which was denied without prejudice.  (Dkt.

No. 24.)  Thereafter, Park filed a motion for reconsideration and to stay proceedings.  (Dkt. No.

27.)  The Court granted the request to stay the proceedings and adjourned all deadlines, including

the time to respond to the motion to dismiss.  (Dkt. No. 30.)  The Court then granted Park's

motion for reconsideration (Dkt. No. 27) and permitted Park to withdraw as counsel for Plaintiff.

(Dkt. No. 37.)  Presently before the Court is pro se Plaintiff's letter motion for reconsideration

(Dkt. No. 39) of the Court's Order (Dkt. No. 37) permitting Park to withdraw as counsel for

Plaintiff.  Park opposes the motion.  (Dkt. No. 41.)  The motion and response were filed under

seal at the direction of the Court (Dkt. No. 40) and Defendant SU has not taken any position on

the motion.  For the reasons that follow, the Court denies Plaintiff's letter motion for

reconsideration.

## II.     LEGAL STANDARD

Reconsideration is warranted where the moving party can show the court "overlooked"

facts or controlling law that "might reasonably be expected to alter the conclusion reached by the

court."  *Human Electronics, Inc. v. Emerson Radio Corp.,* 375 F. Supp. 2d 102, 114 (N.D.N.Y.

2004 (quoting *Schrader v. CSX Transp., Inc.* 70 F.3d 255, 257 (2d Cir. 1995)).  In the Northern

District of New York, a court may grant a motion for reconsideration where, among other things,

new evidence not previously available comes to light, or in order "to correct a clear error of law

or prevent manifest injustice." *Id.* (citing *United States v. Gagnon*, 250 F. Supp. 2d 15, 18 (N.D.N.Y. 2003)). However, a motion for reconsideration is "[n]ot a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Analytical Surveys, Inc. v. Tonga Partners, L.P.,* 684 F.3d 36, 52 (2d Cir. 2012) (citations and internal punctuation omitted).

Further, Local Rule 60.1 requires a motion for reconsideration to be filed and served no later than fourteen days after the entry of the challenged Order, and a Memorandum of Law is required to be filed with the motion. *See* N.D.N.Y. Local Rules 7.1(a) and 60.1.

## III.   DISCUSSION

The Court issued the decision for which Plaintiff requests reconsideration on February 3, 2021. (Dkt. No. 37.) Plaintiff's letter motion (Dkt. No. 39), filed without a Memorandum of Law, was not served on Park or SU, and it was filed March 10, 2021, well beyond the 14-day time period allowed for filing a motion for reconsideration as set forth in Local Rule 60.1. Plaintiff's motion, therefore, fails to meet the requirements of the Court's Local Rules. In view of Plaintiff's current pro se status, however, the Court will consider Plaintiff's letter motion for reconsideration.

In her letter motion, Plaintiff does not point to any new facts or controlling law that could reasonably be expected to change the Court's prior conclusions. Instead, Plaintiff rehashes her earlier arguments that she cannot meet her obligations as a client per her agreement with Park due to her financial difficulties. (Compare Dkt. No. 39 at 2, 3 with Dkt. No. 33.) Plaintiff also acknowledges that she had unresolved disputes with Park regarding how to proceed with the litigation, that she disagreed with Park's advice, and that she had discussed her case with other

lawyers.  *Id.* at 2.  These are similar arguments Plaintiff previously made in her response to

Park's underlying motion to withdraw (*see generally* Dkt. No. 33), and only highlight the

irreparable fractured relationship between Plaintiff and Park.  Plaintiff has not set forth any new

information not previously available, nor has Plaintiff pointed to any clear error of law or the

need to prevent manifest injustice.  *See Human Electronics, Inc.,* 375 F. Supp. 2d at 114.  For

these reasons, and for the additional reasons noted in Park's Memorandum of Law (Dkt. No. 41

at 11-17), the Court, in its discretion, finds that reconsideration is not warranted.

The case will remain stayed at this time to permit Plaintiff a final opportunity to find new

counsel or advise the Court that she will continue to appear pro se.

**WHEREFORE**, it is hereby

**ORDERED** that Plaintiff's letter motion for reconsideration (Dkt. No. 39) is **DENIED**;

and it is further

**ORDERED** that the case remains stayed until further Order of this Court to permit

Plaintiff a final opportunity to find new counsel or advise the Court she will be appearing pro se;

and it is further

**ORDERED** that Plaintiff has 60 days from the date of this Order to notify the Court of

her new attorney or notify the Court that she is proceeding pro se.  If proceeding pro se, Plaintiff

must notify the Court of a current address and phone number where she can be reached; and it is

further

**ORDERED** that if Plaintiff does not advise the Court that she will appear pro se or if no

new attorney for Plaintiff files a notice of appearance within 60 days of the date of this Order, the

Court will deem Plaintiff to be appearing pro se and will lift the stay and reset the deadline for

Plaintiff to respond to the pending motion to dismiss (Dkt. No. 10); and it is further

ORDERED that Plaintiff's failure to notify the Court of all such information within 60 days from the date of this Order may also result in sanctions including a recommendation that this action be dismissed for failure to prosecute, and failure to follow Court directives and orders; and it is further

ORDERED that the Clerk shall update the docket regarding the current address of Park Legal Counsel Group, PLLC, to reflect the address set forth in Dkt. No. 41 at 1; and the Clerk shall serve a copy of this Decision and Order on the Plaintiff at the address for her on the docket via a delivery service that provides tracking for the delivery of this Decision and Order; and it is further

ORDERED that this matter remains stayed until further Order of the Court.

Dated: June 24, 2021
      Syracuse, New York

Thérèse Wiley Dancks
United States Magistrate Judge