UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF NEW YORK



**JANE DOE,**

                Plaintiff,        Civil Action No,: 5:18-CV-1100 (BKS/TWD)

VS.

**SYRACUSE UNIVERSITY,**

                Defendant.

---

Pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure, Plaintiff Jane Doe ("Plaintiff") provides initial disclosures as follows.

## RESERVATION OF RIGHT

1. These initial disclosures are not intended and do not constitute a waiver of any objections Plaintiff may have, now or in the future, to any discovery in this action.

2. Plaintiff expressly reserves any and all objections that it had, has, or may ever have including, but not limited to, objections based on (a) relevance; (b) attorney-client privilege; (c) attorney work-product; (d) any other applicable privilege or protection under federal or state law; (e) undue burden or harassment; (f) immateriality; and or (g) over-breadth.

3. Plaintiff expressly reserves the right to (a) identify or call as witnesses individuals in addition to those identified herein if it discovers that such individuals have or might have knowledge of matters relevant to this action; (b) identify documents in addition to those identified herein if it discovers that such additional documents are relevant to this action.

4. Plaintiff also reserves the right to call as witnesses individuals in addition to those identified herein to the extent such witnesses are required to authenticate an exhibit offered into evidence or to establish a chain of custody of any exhibit offered into evidence.

5. Any or all of these initial disclosures are made subject to and without limiting any of the foregoing reservation of rights.

## RULE 26 INITIAL DISCLOSURES

### Individuals Likely To Have Discoverable Information

Listed in the chart below are the individuals most readily identifiable as potentially having discoverable factual information that Plaintiff may use to support its defense in this case. By identifying these individuals, Plaintiff does not consent to any ex parte communications with any past or present employee of Defendant. Plaintiff reserves all objections to such ex parte communications. In addition, Plaintiff may present expert testimony in this case, but has not yet determined who its expert(s), if any, will be. Plaintiff will disclose this information in accordance with any governing schedule order issued in this case:

| Name | Address and Phone Number | Subject Matter |
|---|---|---|
| Carrie Brown | Therapist at Barnes Center at The Arch 150 Sims Drive, Syracuse, NY 13244<br><br>315. 443. 8000<br><br>carriebrown2@gmail.com<br><br>(Note: The contact information herein is obtained from public | Factual information concerning Plaintiff's Title IX report and investigation. |

|  | source through internet searching) |  |
|---|---|---|
| Tekhara Watson | Therapist at Barnes Center at The Arch 150 Sims Drive, Syracuse, NY 13244<br><br>315. 443. 8000<br><br>(Note: The contact information herein is obtained from public source through internet searching) | Factual information concerning Plaintiff's Title IX report and investigation. |
| Mr. Hamlinton | Syracuse City Police officer at 511 S. State st. Syracuse, NY 13202<br><br>315. 442. 5250<br><br>(Note: The contact information herein is obtained from public source through internet searching) | Factual information concerning Plaintiff's Title IX report and investigation. |
| Sheila Johnson-Willis | Title IX Investigator at Barnes Center at The Arch at 150 Sims Drive, Syracuse NY 13244<br><br>315. 443. 8000<br><br>sjohnson@syr.edu | Factual information concerning plaintiff and student X's Title IX report and investigation. |

| | | |
|---|---|---|
| | (Note: The contact information herein is obtained from public source through internet searching) | |
| Christopher E. Burke | Student Legal Services at 720 University Ave, Syracuse, NY 13210<br><br>315. 443. 4532<br><br>Email@StudentLegal.net<br><br>(Note: The contact information herein is obtained from public source through internet searching) | Factual information concerning the hearing and appealing procedure on the sanction against Plaintiff. |
| Joy Purcell | Senior compliance Team Attorney at Office for Civil Rights<br><br>U.S. Department of Education 32 Old Slip, 26th Fl. New York, NY 10005<br><br>646. 428. 3766<br><br>joy.purcell@ed.gov<br><br>(Note: The contact information herein is obtained from public source through internet searching) | Factual information concerning Defendant's title IX violation investigation. |

| Amy Randhawa | Compliance Team Attorney at Office for Civil Rights<br><br>U.S. Department of Education 32 Old Slip, 26th Fl. New York, NY 10005<br><br>646. 428. 3781<br><br>sandeep.randhawa@ed.gov<br><br>(Note: The contact information herein is obtained from public source through internet searching) | Factual information concerning Defendant's title IX violation investigation. |
|---|---|---|
| Grace D. Kim | Compliance Team Attorney at Office for Civil Rights<br><br>U.S. Department of Education 32 Old Slip, 26th Fl. New York, NY 10005<br><br>646. 428. 3977<br><br>grace.d.kim@ed.gov<br><br>(Note: The contact information herein is obtained from public source through internet searching) | Factual information concerning Defendant's title IX violation investigation. |

| Felice A. Bowen | Compliance team leader attorney at Office for Civil Rights<br><br>U.S. Department of Education 32 Old Slip, 26th Fl. New York, NY 10005<br><br>646. 428. 3806<br><br>felice.bowen@ed.gov<br><br>(Note: The contact information herein is obtained from public source through internet searching) | Factual information concerning Defendant's title IX violation investigation. |
|---|---|---|
| Michael Patsos | Department of Public Safety Officer at Syracuse University Department of Public Safety<br><br>130 College Place, Syracuse, NY 13210<br><br>315. 443. 8778<br><br>mpatsos@syr.edu<br><br>(Note: The contact information herein is obtained from public source through internet searching) | Factual information concerning No Contact Order against Plaintiff and Plaintiff's title IX report. |

| Cynthia Maxwell Curtin | Associate VP, Chief Office for Equal Opportunity, Inclusion and Resolution Services<br><br>Title IX Coordinator and interim 503/504/ADA Coordinator<br><br>315-443-1520<br><br>Who initiate title IX complaint on June 19, 2015<br><br>Interviewed student X<br><br>(Note: The contact information herein is obtained from public source through internet searching) | Factual information concerning student X's Title IX report and investigation. |
|---|---|---|
| Elizabeth Helterline | Syracuse City Police Officer<br><br>report on June 26, 2015<br><br>(Note: The contact information herein is obtained from public source through internet searching) | Factual information concerning Plaintiff's Title IX report. |
| William Barrett | Family law lawyer at 8188 Cazenovia Rd. Manlius, NY 13104<br><br>315. 682. 0342<br><br>wbarret5@gmail.com | Factual information concerning Plaintiff's Title IX report and investigation. |

|  | (Note: The contact information herein is obtained from public source through internet searching) |  |
|---|---|---|
| Ann Clarke | Formal Dean of Visual and Performing Arts<br><br>315. 443. 3700<br><br>anclarke@syr.edu<br><br>(Note: The contact information herein is obtained from public source through internet searching) | Factual information concerning Plaintiff's plagiarism report and investigation. |
| James Fathers | formal Design Director of Visual Performing Arts at 350 West Fayette Street Syracuse. NY 13202<br><br>315.443.2455<br><br>jwfather@syr.edu<br><br>(Note: The contact information herein is obtained from public source through internet searching) | Factual information concerning Plaintiff's plagiarism report and investigation. |
| Jonathan Mills | Formal Assistant Professor of Visual Performing Arts and Program Coordinator at 112 | Factual information concerning Plaintiff's |

| | | |
|---|---|---|
| | Pence Hall, Lexington, KY 40506<br><br>859. 323. 2747<br><br>mills.design@uky.edu<br><br>(Note: The contact information herein is obtained from public source through internet searching) | plagiarism report and investigation. |
| Zach Stringham | Formal Industrial and Interactive Design Student at D'Addario & Company, Inc.<br><br>631. 528. 2826<br><br>zgstring@gmail.com<br><br>(Note: The contact information herein is obtained from public source through internet searching) | Factual information concerning Plaintiff's plagiarism report and investigation. |

In addition to the individuals listed above, Defendant may rely upon other current or former employees, and one or more of the individuals listed in the Initial Disclosures of Plaintiff to support Defendant's claims and/or defenses, as well as other individuals who may be identified through documents or other means during the course of discovery.

**Documents That Support Plaintiff's Claims**

Plaintiff may use the following documents in her possession, custody, or control and may use them to support her claims or defenses. Please note that Plaintiff may either produce the documents, electronically stored information, or tangible things:

1) Plaintiff's title IX report and exhibits thereto;
2) Plaintiff's hearing statement and exhibits presented at the Hearing held on September 10, 2015;
3) Plaintiff's hearing transcript recorded during the Hearing held on September 10, 2015;
4) Plaintiff's appeal statement and exhibits after the Hearing against Plaintiff;
5) Ms. Brown's confirmation letter on August 5, 2015;
6) Temporary Order of No-Contact on May 12, 2015;
7) Email on May 12, 2015 formal complaints of no-contact order with DPS;
7) Verizon bill submitted on May 12, 2015 as the evidence of no contact order complaint;
8) No-Contact Order on May 13, 2015;
9) Interview note on June 25, 2015 sheila Johnson-Willis and Tekhara Watson;
10) DPS report on June 26, 2015 Michael Patsos;
11) Syracuse University counseling center note on June 26, 2015;
12) Police report on June 26, 2015;
13) The second no-contact order complaint on June 26, 2015;
14) Interview note on July 22, 2015 sheila johnson-willis, carrie brown;
15) Record on March 9, 2015 Design Director James Fathers and Vicky Smith;
16) Plaintiff's human factor project that was infringed in 2012;
17) Plaintiff's complaints on Student A's infringement of Plaintiff's design;
18) Email on March 2, 2015 filed the formal complaints;
19) Email on April 2, 2015 the result from Academic Integrity Offices;
20) Student A's design work;
21) Faculty's report against Plaintiff's complaint;
22) Informal resolution meeting notes on May 27, 2015;
23) Sanction letter on June 22, 2015 from Syracuse University;
24) Email on May 14, 2015 DPS referred to the office of students rights and responsibilities;
25) Email on June 9, 2015 car retrieval;
26) Email on August 17, 2015 formal complaint against michael patsos;
27) Email on September 18, 2015 meeting confirmation on September 18, 2015;
28) Email on September 22, 2015;

29) Plaintiff's protection order filed with Family court;
30) Documents filed with office of civil rights;
31) Syracuse University academic integrity policy.

**Computation of Damages**

Plaintiff seeks all actual, consequential and incidental financial losses, including lost future wages, medical bills, mental and emotional distress, attorneys' fees and costs, and other special and general damages according to proof as follows:

1) Compensatory damages (actual damages)
   - Paid attorney fees: $59,779.98
   - Paid tuition: $5,904
   - Lost income for past: $540,000 ($90,000*6 years)
   - Emotional pain and sufferings: $100,000
   - Any further future damages including legal fees and lost income yet to be calculated.

The paid attorney fees and tuition can be verified by the evidence such as the retention agreements, receipts of the payments and/or electronic transfer records, etc. The alleged lost income for the past is computed from the public information containing the alumni salaries for Masters in Science of Syracuse University that is sourced by https://www.emolument.com.

2) Punitive damages: $250,000

Plaintiff reserves the right to amend its damages calculation as discovery continues. As soon as any further computation is made by category, Plaintiff will provide the information to Defendant. Further, Plaintiff intends to retain an expert economist and all documents generated regarding computation of damages will be made available for inspection and copying promptly upon receipt.

**Relevant Insurance Agreements**

Not applicable.

    Plaintiff makes these initial disclosures based on the information reasonably available. Plaintiff retains and reserves the right to amend and supplement these disclosures as required under Fed. R. Civ. P. 26(e) and any other applicable law or rule as it becomes aware of or in possession of additional relevant information responsive to this Rule.

**DATED:** June 21, 2022

By: ███

Plaintiff

███

To: <u>CLERK U.S. DISTRICT COURT</u>

    P.O. BOX 7367

    100 S. CLINTON STREET

    SYRACUSE, NEW YORK 13261-7367



