UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JANE DOE,

                              Plaintiff,

v.                                                                  5:18-cv-1100 (BKS/TWD)

SYRACUSE UNIVERSITY,

                              Defendant.
_____

**Appearances:**

*Plaintiff pro se:*
Jane Doe
Seoul, South Korea

*For Defendants:*
Edward G. Melvin
Payne Horning
Barclay Damon LLP
Barclay Damon Tower
125 East Jefferson Street
Syracuse, NY 13202

**Hon. Brenda K. Sannes, Chief United States District Judge:**

MEMORANDUM-DECISION AND ORDER

I.       INTRODUCTION

      Plaintiff Jane Doe,[1] currently proceeding pro se, brought this Title IX and diversity action alleging various claims against Defendant Syracuse University relating to her expulsion from the University in 2015. (*See generally* Dkt. No. 1). Presently before the Court are Plaintiff's request that this matter be dismissed without prejudice to enable her to pursue this matter with the United

---

[1] Pursuant to a Court-ordered stipulated protective order, Plaintiff Jane Doe and the individual identified in the complaint as "Student X" may proceed using pseudonyms. (Dkt. No. 11).

States Department of Education, Office of Civil Rights ("OCR"), (Dkt. No. 84), Defendant's motions for dismissal with prejudice for failure to prosecute under Federal Rule of Civil Procedure 41(b), (Dkt. Nos. 93, 94), and the parties' responses to those requests and motions as well as Plaintiff's response to the Court's order to show cause why this action should not be dismissed under Fed. R. Civ. P. 41(b) for failure to prosecute and failure to comply with Court Orders, (Dkt. Nos. 91, 95, 96, 97, 98). The Court held a telephone conference at which both parties appeared on July 10, 2023. Plaintiff's motion for voluntary dismissal is denied as dismissal without prejudice would be improper under the circumstances. However, as the Court concludes dismissal with prejudice would be appropriate, Plaintiff may notify the Court of her agreement to dismissal with prejudice, or, if she does not agree, may withdraw her motion. The Court further denies Defendant's motions to dismiss.

## II.   BACKGROUND

### A.   Withdrawal of Plaintiff's Attorney

On September 13, 2018, Plaintiff, a permanent domiciliary of the Republic of Korea, filed the present action through counsel.[2] (*See generally* Dkt. No. 1). On November 16, 2018, Defendant filed a motion to dismiss the Complaint under Rule 12(b)(6) for failure to state a claim, or, in the alternative, for summary judgment under Rule 56. (Dkt. No. 10). On December 3, 2018, before briefing on the motion to dismiss was complete, Plaintiff's counsel filed a motion to withdraw. (Dkt. No. 15). Plaintiff contested the motion to withdraw and the litigation of the withdrawal motion continued for more than two-and-a-half years and ended on June 24, 2021, with the Court's denial of Plaintiff's motion for reconsideration of the order granting her counsel's motion to withdraw. (Dkt. Nos. 20, 21, 22, 24, 27, 33, 37, 39, 41, 42). The Court

---

[2] Plaintiff resides in South Korea at present and has lived there since the filing of this action.

stayed the case during the litigation of the motion to withdraw, (Dkt. No. 30), and continued the stay to allow Plaintiff time to find new counsel or notify the Court that she was proceeding pro se, (Dkt. Nos. 44). On October 13, 2021, the Court lifted the stay and deemed Plaintiff as appearing pro se. (Dkt. No. 45).

### B. Defendant's Motion to Dismiss

After deeming Plaintiff pro se, the Court set November 5, 2021 as the deadline for Plaintiff's response to Defendant's motion to dismiss, which had been pending for nearly three years. (Dkt. No. 45). Plaintiff failed to file a response. In light of Plaintiff's pro se status, on November 16, 2021, the Court issued a Text Order extending Plaintiff's response deadline but warning Plaintiff there would "be no further extensions" and that if she elected not to file a response to the motion to dismiss, she must file a status report confirming her intent to proceed with this action pro se. (Dkt. No. 46). The Court further warned that: "If Plaintiff fails to file a response to the Motion or a status report stating her intention to proceed with this action by 12/15/2021, the Court will issue an Order to Show Cause directing Plaintiff to show cause why this action should not be dismissed on the ground that it has not been prosecuted diligently." (*Id.*). On February 14, 2022, after requesting, and receiving, two additional extensions, (Dkt. Nos. 48, 49 (first extension), 51, 53 (second extension setting January 31, 2022 response date), the Court received Plaintiff's response to Defendant's motion to dismiss.[3] (Dkt. No. 54). On March 16, 2022, the Court issued a Memorandum-Decision and Order granting in part and denying in part Defendant's motion to dismiss, allowing Plaintiff's breach of contract and Title

---

[3] Although Plaintiff's response is dated January 30, 2022, (Dkt. No. 54, at 14), it appears to have been mailed on February 7, 2022, (Dkt. No. 54-7), one week past the January 31, 2022 deadline.

IX claims to proceed, and dismissing Plaintiff's other claims. (Dkt. No. 59). Defendant filed an answer on March 30, 2022. (Dkt. No. 61).

### C.  Discovery

On March 17, 2022, United States Magistrate Judge Thérèse Wiley Dancks issued a Text Order setting pretrial discovery deadlines, including deadlines for the completion of discovery and filing of dispositive motions; the first deadline, for the filing of Rule 26 disclosures, was April 15, 2022. (Dkt. No. 60). In a letter to the Court dated April 29, 2022, Plaintiff wrote that she had not received the March 17 Text Order until April 22, 2022, and requested extensions ranging from two to six months of all deadlines. (Dkt. No. 65, at 1). Magistrate Judge Dancks reset the Rule 26 disclosure date to June 30, 2022, but warned that: "No further extensions will be granted absent extraordinary cause which shall not include the fact that plaintiff resides outside of the United States." (Dkt. No. 66).

#### 1.  First Discovery Issue

In a letter dated December 27, 2022, Defendant requested Magistrate Judge Dancks's assistance in resolving a discovery dispute regarding Plaintiff's objections to "most of [Defendant's] demands," even after it had "narrow[ed] its requests," and her failure to respond to its deficiency letter. (Dkt. No. 72, at 1–2). Defendant listed several types of documents Plaintiff had allegedly failed to provide: (1) applications and rejections related to Plaintiff's efforts to enroll in a college or university or obtain employment after leaving Syracuse University; (2) tax returns and wage statements from 2015 to the present; and (3) documents concerning alleged reputational damage and diminished career opportunities. (Dkt. No. 72, at 2). Defendant explained that these documents are relevant to Plaintiff's claims of lost or diminished educational, academic, and career opportunities and "reputational damage." (*Id.*).

4

The same day, Magistrate Judge Dancks issued a Text Order directing Plaintiff to file a response to Defendant's letter by January 17, 2023. (Dkt. No. 73). Plaintiff filed[4] a letter together with approximately two-hundred pages of what appeared to be discovery responses to Defendant's demands. (Dkt. No. 78). Plaintiff also sought discovery from Defendant. (*Id.*). On February 3, 2023, Magistrate Judge Dancks issued a Text Order ("February Text Order") directing Plaintiff "to serve, by 2/28/2023, unredacted copies of her discovery responses on defendant with a reference to exactly what demand each response is in reference to" and reminding Plaintiff that "[h]aphazard responses with no indication as to what demand each response references is improper." (Dkt. No. 79). In the February Text Order, Magistrate Judge Dancks directed Defendant to "serve on plaintiff by 2/28/2023 updated discovery in response to plaintiff's deficiency letter." (*Id.*). Magistrate Judge Dancks reset the discovery deadlines, ordering that discovery be completed by May 31, 2023, and dispositive motions be filed by July 14, 2023. (Dkt. No. 79).

### 2. Second Discovery Issue

In a letter to Magistrate Judge Dancks dated April 13, 2023, Defendant wrote that "[w]hile Plaintiff answered some of Defendant's demands, much of what she provided was not in compliance with the Court's [February] Text Order." (Dkt. No. 81, at 1–2). Defendant explained that on March 10, 2023, it sent Plaintiff an email outlining the deficiencies in the discovery she provided, which had included, among other things, documents and "a link to two audio files." (*Id.* at 1–2). Defendant further explained that in its March 10 email to Plaintiff, it had: (1) requested the dates of the recordings, the identities of the individuals speaking, an indication as to which discovery demand the "recordings are in reference to," and an explanation

---

[4] Plaintiff appears to have mailed her response on January 18, 2023, one day late. (Dkt. No. 78-1).

as to how the recordings are relevant, (*id.* at 1–2); (2) asserted that the documents Plaintiff provided regarding applications and rejections related to efforts to enroll in a college or university were not only nonresponsive, but needed to be translated from Korean to English, as did one of the medical forms Plaintiff had provided, (*id.* at 2); and (3) requested, in light of Plaintiff's failure to provide the college and university application and rejection information, release forms authorizing Defendant to obtain Plaintiff's "application and related materials submitted to these colleges and universities," (*id.*). Defendant stated that it had not received a response from Plaintiff to its March 10 email, or a response to its subsequent emails on March 27, April 3, or April 6. (*Id.* at 3). Defendant therefore requested the Court's assistance in resolving the discovery issue, and noted that in light of the May 31, 2023 discovery deadline, it had "asked Plaintiff to confirm her availability for her deposition on May 9 or 10, 2023." (*Id.* at 3).

In a Text Order entered on April 17, 2023 ("April Text Order"), Magistrate Judge Dancks directed Plaintiff to "correct all of the deficiencies in her 2/27/2023 responses to defendant . . . as outlined" in Defendant's April 13 letter. (Dkt. No. 82). Magistrate Judge Dancks further ordered that "Plaintiff's responses must be in English," or "translated into English," that Plaintiff "confirm her availability for a deposition," and that "Plaintiff's updated responses as directed herein must be received by defendant on or before 5/5/2023." (*Id.*). Magistrate Judge Dancks warned that: "Plaintiff's failure to follow the directives in this Text Order may result in sanctions including, but not limited to, a recommendation that this action be dismissed for failure to prosecute and failure to follow Court Orders and directives." (*Id.*).

    **3.**    **The Parties' Dismissal Motions and the Court's Order to Show Cause**

In a "Motion to Dismiss," dated April 20, 2023, Plaintiff wrote: "I, as the plaintiff, withdraw the lawsuit against Syracuse University." (Dkt. No. 84, at 1). Plaintiff explained that

6

she "has been recovering from the damage that the Defendant caused. In her doctor's opinion, the plaintiff would need the treatment until July 2023. Therefore, the plaintiff would not be available for a deposition in May." (*Id.*). Plaintiff attached a medical report ███████████ ████████████████████████████████████████████████████████████ (Dkt. No. 84-1, at 2). Plaintiff's doctor explained that ████████████████████ ██████████████████████████████████████████████████ ████████████████████████████████████████ (*Id.*). Plaintiff requested that "the court . . . dismiss the lawsuit." (Dkt. No. 84, at 1). Plaintiff did not respond to Magistrate Judge Dancks's April Text Order.

On April 28, 2023, the Court issued a Text Order advising Plaintiff that under Rule 41(a)(1)(A), she could not unilaterally dismiss this case, and that "a stipulation or court order" was necessary. (Dkt. No. 85). The Court directed the parties to notify the Court by May 12, 2023, whether they stipulated to the dismissal of the action with prejudice. (*Id.*).

On May 25, 2023, Defendant filed a letter requesting an extension of the deadline for filing a stipulation of voluntary dismissal as "it appear[ed] that the parties have reached a resolution." (Dkt. No. 88). The Court granted Defendant's request and ordered that a stipulation of dismissal be filed by June 9, 2023. (Dkt. No. 89).

On June 8, 2023, Defendant filed a status report requesting, "in light of Plaintiff's failure to negotiate in good faith," that the Court "return the parties to the discovery process." (Dkt. No. 90, at 1). Defendant noted that with respect to discovery, "Plaintiff has yet to comply with the Court's directive set forth in" Magistrate Judge Dancks's April Text Order. (*Id.* at 2 (citing Dkt. No. 82 (Text Order filed Apr. 17, 2023))). Defendant requested that:

> In light of Plaintiff's pattern of being unresponsive and, euphemistically, inconsistent, it is respectfully requested that the

7

> Court (or Magistrate Judge Dancks) set October 31, 2023 as the discovery deadline in this matter, with the expectation that the University will take Plaintiff's deposition by mid-September, leaving Plaintiff time to take depositions as well.

(Dkt. No. 90, at 2).

On June 14, 2023, the Court issued a Text Order ("June Text Order") directing Plaintiff "to respond by June 28, 2023 to Defendant's assertion that she has not complied with" Magistrate Judge Dancks's April Text Order and directed Plaintiff, if she had not complied, "to show cause why this action should not be dismissed under Fed. R. Civ. P. 41(b) for failure to prosecute and failure to comply with Court Orders." (Dkt. No. 91). The Court scheduled a telephone conference for July 10, 2023, noted that this case has been pending for almost five years, and warned Plaintiff that "failure to follow the directives in this Text Order may result in sanctions including, but not limited to, dismissal of this action for failure to prosecute and failure to follow Court Orders and directives."[5] (*Id.*).

On June 30, 2023, Defendant filed a letter motion to dismiss for failure to prosecute on the ground that "it appear[ed] Plaintiff has not complied with the Court's" June Text Order, "as the University has not received a copy of Plaintiff's response by mail or e-mail." (Dkt. No. 93). On July 5, 2023, Defendant filed a second letter motion to dismiss for failure to prosecute. (Dkt. No. 94, at 1). To their letter, Defendant attached a letter from Plaintiff dated June 25, 2023, that it had received via email on July 3, 2023.[6] (*Id.*). Defendant asserted that Plaintiff's letter failed to comply with the Court's June Text Order and Magistrate Judge Dancks's April Text Order

---

[5] Because the Court did not have an email address for Plaintiff at the time, and to ensure Plaintiff received the June Text Order expeditiously, the Court directed the Clerk "to send this Text Order to Plaintiff . . . via overnight mail or next day air delivery" and directed Defendant "to email a copy of this text order to Plaintiff by the close of business on 6/15/23 and file a proof of service on Plaintiff via email as directed by 6/16/23." (Dkt. No. 91; *see also* Dkt. No. 92 (Defendant's Certificate of Service)).

[6] The Court did not receive Plaintiff's June 25 letter until July 10, 2023. (Dkt. No. 97). It appears that Plaintiff did not mail her response until July 4, 2023. (Dkt. No. 97-2).

8

because Plaintiff failed to meet the June 28 response deadline set by the Court's June Text Order and because Plaintiff did not provide the information requested concerning the audio recordings, did not provide authorizations to enable Defendant to obtain information from colleges and universities who which Plaintiff applied, and had not provided an English translation of her previously produced applications and rejections. (*Id.* at 2).

On July 10, 2023, the Court held a telephone hearing at which both parties appeared. Plaintiff requested that this action be dismissed without prejudice on the ground that she was having difficulty prosecuting it pro se and wished to continue pursuing her claim through OCR, which, she represented, would pursue it on her behalf. Defendant opposed dismissal without prejudice, maintained that Plaintiff's discovery obligations are outstanding, and sought dismissal with prejudice.

Immediately after the telephone conference, the Court's courtroom deputy received a telephone call from Plaintiff seeking to file an additional response. The courtroom deputy advised Plaintiff, who until then had used international mail to file documents with the Court, that she could submit files electronically utilizing the Northern District of New York website. Shortly thereafter, Plaintiff filed a response to Defendant's letter dated July 5, (Dkt. No. 95), to which Defendant replied, (Dkt. No. 96). Later that day, the Court received, via international mail, Plaintiff's letter dated June 25, 2023, together with more than ninety pages of exhibits. (Dkt. No. 97). On July 11, 2023, Plaintiff filed an additional response together with more than 400 pages of exhibits. (Dkt. No. 98).

### III. DISCUSSION

#### A. Voluntary Dismissal

##### 1. Standard of Review

As relevant here, Rule 41(a)(2) provides that "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper" and that "[u]nless the order states otherwise, a dismissal under this paragraph (2) is without prejudice." The Second Circuit has instructed that "[v]oluntary dismissal without prejudice is thus not a matter of right." *Zagano v. Fordham Univ.*, 900 F.2d 12, 14 (2d Cir. 1990). The "[f]actors relevant to the consideration of a motion to dismiss without prejudice include": (1) "the plaintiff's diligence in bringing the motion;" (2) "any 'undue vexatiousness' on plaintiff's part;" (3) "the extent to which the suit has progressed, including the defendant's effort and expense in preparation for trial;" (4) "the duplicative expense of relitigation;" and (5) "the adequacy of plaintiff's explanation for the need to dismiss." *Id.* (citing *Bosteve Ltd. v. Marauszwki*, 110 F.R.D. 257, 259 (E.D.N.Y. 1986)).

Having considered the relevant factors, the Court concludes that dismissal without prejudice is not warranted.

##### 2. Analysis

###### a. Diligence

In evaluating a plaintiff's diligence in moving for voluntary dismissal, courts have considered, among other things, the stage of the litigation, *see In re Bank of Am. Mortg. Servicing S'holder Derivative Litig.*, No. 11-cv-2475, 2012 WL 1506271, at *2, 2012 U.S. Dist. LEXIS 60458, at *6 (S.D.N.Y. Apr. 4, 2012) ("When assessing a plaintiff's diligence, courts consider the length of time the action has been pending."), including whether the motion was made "before discovery begins in earnest," *Sec. Exch. Comm'n v. One or More Unknown*

*Purchasers of Sec. of Telvent GIT*, No. 11-cv-3794, 2013 WL 1683665, at *2, 2013 U.S. Dist. LEXIS 55583, at *4 (S.D.N.Y. Apr. 17, 2013), and whether the motion was made "within a reasonable period of time after the occurrence of the event that led to the plaintiff's decision not to pursue the action." *Ascentive, LLC v. Opinion Corp.*, No. 10-cv-4442, 2012 WL 1569573, at *4, 2012 U.S. Dist. LEXIS 62432, at *14 (E.D.N.Y. May 3, 2012).

Plaintiff first notified the Court that she wished to discontinue this action on April 20, 2023, four years and seven months after filing the Complaint and more than a year after discovery had begun. (Dkt. Nos. 1, 60, 84). It appears that the event that led her to seek voluntary dismissal and to seek assistance from OCR in handling her claims, was a change in her medical condition. In her April 20 letter, Plaintiff stated that she is undergoing medical treatment until July 2023 and would be unavailable for deposition in May. (Dkt. No. 84). Plaintiff attached a medical record dated March 31, 2023, that appears to show she is undergoing continuous treatment but says nothing about whether her diagnoses or treatment precluded her from being deposed. (Dkt. No. 84-1, at 2). In her June 25 letter, Plaintiff provided an additional reason for seeking dismissal with prejudice: she seeks to pursue her allegations against Defendant through OCR but to do so, this action must be dismissed without prejudice. (Dkt. No. 94, at 6). To her letter, Plaintiff attached an email dated November 15, 2022, from OCR stating that it had "previously closed" Plaintiff's "complaint after [she] filed a complaint in federal court . . . regarding the same allegations that OCR was investigating," and that "[a]s stated in the dismissal letter we sent . . . dated *September 26, 2018*," Plaintiff could "re-file [her] OCR complaint within 60 days of the termination of the federal court proceeding if there has been no decision on the merits or settlement of the complaint allegations." (Dkt. No. 97-1, at 96 (emphasis added)).

11

Although Plaintiff filed her dismissal motion within one month of receiving the medical report—a reasonable period of time, (Dkt. No. 84), she has known of her ability to pursue her claims with OCR's assistance since September 2018 and during the period of time the Court stayed this case to enable her to find legal assistance following the withdrawal of her attorney. (Dkt. Nos. 42, 45). In all, nearly five years elapsed between Plaintiff's knowledge that she could litigate her claims with OCR's assistance, and her present application for dismissal without prejudice. Thus, even considering recent Plaintiff's health issues, the Court concludes that Plaintiff has failed to show diligence in bringing her motion for voluntary dismissal.

This factor therefore weighs against dismissal without prejudice.

        **b.**        **Undue Vexatiousness**

Plaintiff's conduct in this case, including her frequently late filings, and her decision—nearly five years after commencing this action, and while in the middle of discovery—to seek dismissal without prejudice and commencement in an alternative forum suggests undue vexatiousness.

This factor therefore weighs against dismissal without prejudice.

        **c.**        **Extent to Which Suit has Progressed**

This case has been pending for nearly five years, includes a lengthy delay during which this action was stayed to accommodate Plaintiff's efforts to obtain counsel, and is nearly through the discovery phase.

This factor weighs therefore weighs against dismissal without prejudice.

        **d.**        **Duplicative Cost of Relitigation**

Given that this action was filed nearly five years ago and that no delays are attributable to Defendant, it would be wholly unjustifiable to burden Defendant with the expense of relitigating this action, from the beginning, in a separate forum.

12

This factor therefore weighs against dismissal without prejudice.

### e. Explanation of Need for Dismissal

Plaintiff's explanation for the need to dismiss is inadequate. Plaintiff contends that a health condition precludes her from litigating this case. However, nothing in the documents she provided suggest she has a condition that would limit her ability to handle this case. Moreover, Plaintiff indicated at the telephone conference that she wishes to dismiss this action without prejudice so that she can pursue the matter with the OCR. Plaintiff has handled this case on her own since 2021, and has provided no evidence that her recent health issues would preclude her from continuing to do so.

Accordingly, the Court concludes that all the relevant factors weigh against allowing Plaintiff to dismiss this action without prejudice. However, the Court may dismiss an action "upon such terms and conditions as the court deems proper." Fed. R. Civ. P. 41(a)(2). In this case, given the time and expense the parties have invested, and the extent to which it has progressed, dismissal would only be proper with prejudice—a disposition to which Defendant is amenable. (Dkt. Nos. 93, 94). Therefore, the Court hereby notifies Plaintiff that the only condition upon which dismissal would be proper is dismissal with prejudice. As such, the Court affords Plaintiff the opportunity to withdraw her motion to dismiss this case: Plaintiff must notify the Court within fourteen (14) days whether she intends to withdraw her motion to dismiss. *See Gravatt v. Columbia Univ.*, 845 F.2d 54, 56 (2d Cir. 1988) ("[F]undamental fairness requires interpreting Rule 41(a)(2) to afford the plaintiff an opportunity to withdraw his motion and proceed with the litigation in the event that a district judge proposes to convert a voluntary dismissal to one with prejudice."); *see also Paysys Int'l, Inc. v. Atos IT Servs. Ltd.*, 901 F.3d 105, 108–09 (2d Cir. 2018). If Plaintiff does not withdraw her motion to dismiss within fourteen (14) days, the Court will grant her motion to dismiss and dismiss the Complaint with prejudice. If

Plaintiff withdraws her motion to dismiss, Plaintiff shall be prepared to make herself available for deposition at Defendant's earliest convenience and to complete discovery by October 31, 2023. Any failure to appear for deposition or comply with discovery may result in the imposition of sanctions, including the sanction of dismissal with prejudice.

### B. Dismissal for Failure to Prosecute or Comply with Court Order

#### 1. Standard of Review

Under Rule 41(b) of the Federal Rules of Civil Procedure, "[i]f the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order," a court may dismiss the action. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962); *see also* N.D.N.Y. L.R. 41.2(a) ("Whenever it appears that the plaintiff has failed to prosecute an action or proceeding diligently, the assigned judge may order it dismissed."). When determining whether dismissal under Rule 41(b) is appropriate, courts consider whether:

> (1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions.

*U.S. ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004) (citations omitted). None of these factors is dispositive. *Lopez v. Smurfit-Stone Container Enter., Inc.*, 289 F.R.D. 103, 104–05 (W.D.N.Y. 2013).

#### 2. Analysis

##### a. Delay

"When assessing the duration of the delay, courts consider '(1) whether the failures to prosecute [or comply with court orders] were those of the plaintiff, and (2) whether these failures were of significant duration.'" *Caussade v. United States*, 293 F.R.D. 625, 629 (S.D.N.Y. 2013)

14

(quoting *Drake*, 375 F.3d at 255)). "[T]here is no fixed time after which a delay becomes 'unreasonable.'" *Europacific Asset Mgmt. Corp. v. Tradescape, Corp.*, 233 F.R.D. 344, 351 (S.D.N.Y. 2005). Even "a 'short delay' by the plaintiff may 'still properly result in dismissal if plaintiff ha[s] willfully failed to comply with multiple court orders' during the course of the action." *Feurtado v. City of New York*, 225 F.R.D. 474, 479 (S.D.N.Y. 2004) (quoting *Graham v. Sullivan*, No. 86-cv-0163, 1999 WL 1006181, at *2, 1999 U.S. Dist. LEXIS 17172, at *6 (S.D.N.Y. Nov. 5, 1999)).

In this case, there are two time periods to consider. First, there is the period of December 3, 2018 through February 14, 2022—more than three years—during which the case was at a standstill due to a stay imposed to address motions concerning Plaintiff's counsel's withdrawal from this case, and during which the Court granted Plaintiff a number of extensions to respond to Defendant's motion to dismiss. However, the only stretch of inaction, and failure to comply with a Court deadline, during this time period that is attributable to Plaintiff is the four months between August 19, 2019, her deadline for filing a response to her attorney's motion to reconsider the denial of the withdrawal motion, (*see* Text Notice entered Aug. 2, 2019 setting Aug. 19, 2019 response deadline), and December 27, 2019, the date she filed her response, (Dkt. No. 33). This delay was significant in its duration, attributable to Plaintiff, and relevant to evaluating the duration of delay in this case. *See Shannon v. Gen. Elec. Co.*, 186 F.3d 186, 194 n. 6 (2d Cir.1999) (noting that the plaintiff's delay was not "the first instance of delay attributable to the plaintiff" and observing that that where "[i]naction and lethargy became the rule," we have not hesitated to affirm a district court's dismissal for failure to prosecute (quoting *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 39 (2d Cir. 1982)); *see also Feurtado v. City of New York*, 225 F.R.D. 474, 478 (S.D.N.Y. 2004) ("These failures must also be viewed against the

15

backdrop of Feurtado's multiple failures to adhere to his discovery obligations."). It is also relevant to the prejudice factor, discussed below.

From February 14, 2022 until December 27, 2022, when Defendant made its first discovery motion, the case made progress: the motion to dismiss was decided, (Dkt. No. 59), Defendant filed an answer, (Dkt. No. 61), and discovery proceeded, (Dkt. No. 60). The parties continued to make some progress, with Magistrate Judge Dancks's brief intervention, (Dkt. No. 73, 79), until April 20, 2023, the start of the second period of delay due to failure to comply, when Defendant filed its second discovery letter, (Dkt. No. 84). From April 20, 2023 to the present, approximately three months, the parties have made little progress due to Plaintiff's motion for voluntary dismissal, which as discussed above, lacks any viable basis; Plaintiff's allegedly bad faith settlement negotiations; and Plaintiff's failure to comply with Magistrate Judge Dancks's April Text Order concerning discovery deficiencies. In addition, as Defendant notes, Plaintiff was required to respond to the Court's June Text Order by June 28, 2023, but failed to do so; indeed, her response, while dated June 25, 2023, was not mailed until July 4, 2023,[7] (Dkt. No. 97-2), and not received by the Court until July 10, 2023, after the telephone conference. It is not clear whether Plaintiff's response, the attached documents, or any of the submissions Plaintiff filed after the telephone conference satisfy the discover deficiencies identified in Magistrate Judge Dancks's April Text Order. Even assuming Plaintiff's submissions satisfy her outstanding discovery obligations, Plaintiff's failure to comply was nevertheless three months in duration. *See, e.g., Li v. United States Citizenship & Immigr. Servs.*, No. 22-cv-6527, 2023 WL 4228067, at *2, 2023 U.S. Dist. LEXIS 110635, at *5 (E.D.N.Y. June 27, 2023) (finding dismissal proper where "at least three months have lapsed since Plaintiff was first

---

[7] Defendant notes that it received a copy of the June 25 letter via email on July 3. (Dkt. No. 94).

16

directed to clarify whether he is represented by counsel and to show cause why his complaint should not be dismissed as moot"). Although Plaintiff moved for voluntary dismissal during this time period, (Dkt. No. 84), she neither requested nor received any order excusing her compliance with Magistrate Judge Dancks's April 2023 Text Order.

This factor therefore weighs in favor of dismissal.

### b. Notice that Delay Would Result in Dismissal

Throughout this case, Plaintiff has been given notice that delay or failure to comply with Court orders may result in sanctions, including the sanction of dismissal. (Dkt. No. 37, 46, 73, 77, 82, 91).

This factor therefore weighs in favor of dismissal

### c. Prejudice to Defendant in Further Delay

Further, given the nearly three-year period of time during which this action was stayed to enable Plaintiff to pursue hiring counsel to represent her in this matter, any additional delay, however short, is acutely prejudicial to Defendant in its efforts to complete meaningful discovery concerning events that allegedly occurred approximately eight years ago.

This factor therefore weighs in favor of dismissal.

### d. Balancing Calendar Congestion with Opportunity for Day in Court

The Court has also considered the need to alleviate calendar congestion and Plaintiff's right to an opportunity to her day in Court but concludes that the Court has given Plaintiff ample opportunity to have her day in Court by allowing her to litigate her attorney issues extensively, staying the case to give her time to resolve those issues or find new counsel, and accepting untimely filings in light of her pro se status and location in South Korea.

This factor therefore weighs in favor of dismissal.

### e.  Efficacy of Lesser Sanctions

As to the efficacy of lesser sanctions, the Court acknowledges that they have not yet been considered. Indeed, as the Court order with which Plaintiff failed to comply concerns her failure to respond to Defendant's request for documents supporting Plaintiff's claim for damages, and does not concern the merits of this case, the sanction of preclusion of evidence of damages appears more efficacious than dismissal.

While no one factor is dispositive, having considered all the relevant factors, the Court concludes that dismissal for failure to prosecute is not *yet* warranted. Although Plaintiff is responsible for at least two of the delays in this case, those delays have not been especially lengthy when the timeline of this case is considered in its entirety. Moreover, when settlement negotiations deteriorated, Defendant did not immediately seek dismissal, but instead requested that the parties be returned to discovery. (Dkt. No. 90). As noted above, although there may be outstanding discovery issues that relate to the merits—the audio files, for instance—the majority of the discovery Plaintiff allegedly failed to provide concerns her claim for damages. Preclusion of such evidence may be an effective tool: it would narrow the issues for trial, limit any prejudice Defendant may experience in attempting to obtain information about events that occurred well over five years ago, but still allow Plaintiff an opportunity for her day in court. Accordingly, Defendant's motions to dismiss for failure to prosecute or comply with Court orders is denied without prejudice to filing a motion for a sanction of preclusion of evidence of damages if Plaintiff has not yet complied with Magistrate Judge Dancks's April Text Order.

Although the motion to dismiss is denied at this time, Plaintiff is warned that she must timely comply with all discovery obligations, make herself available for a deposition at Defendant's earliest convenience, and complete discovery by October 31, 2023. If Plaintiff fails to comply with any Court order or diligently prosecute this case, she will face sanctions,

including the sanctions of preclusion of evidence, monetary sanctions, or the dismissal of this action with prejudice. Plaintiff is further advised that while previous untimely filings have been tolerated given Plaintiff's pro se status and residence in Seoul, South Korea, given the fact that Plaintiff is now able to file documents with the Clerk's Office via email, such delays are no longer acceptable.

## IV.    CONCLUSION

For these reasons, it is hereby

**ORDERED** the Court intends to convert Plaintiff's motion for voluntary dismissal without prejudice, (Dkt. No. 84), to a motion for voluntary dismissal with prejudice; and it is further

**ORDERED** that Plaintiff may withdraw her motion to dismiss this case by notifying the Court within fourteen (14) days whether she intends to withdraw her motion to dismiss this case. If Plaintiff withdraws her motion to dismiss, Plaintiff shall be prepared to make herself available for deposition at Defendant's earliest convenience and to complete discovery by October 31, 2023. **If Plaintiff fails to withdraw her motion to dismiss, the Court will dismiss the Complaint with prejudice.**

It is further **ORDERED** that Defendant's motions to dismiss for failure to prosecute or comply with Court orders, (Dkt. Nos. 93, 94), are **DENIED** without prejudice to renewal as discussed herein; and it is further

**ORDERED** that if Plaintiff withdraws her motion to dismiss, Plaintiff must make herself available for a deposition at the Defendant's earliest convenience; discovery must be completed by October 31, 2023, and any dispositive motions must be filed by January 2, 2024; and this matter is referred to Magistrate Judge Dancks for any further discovery proceedings necessary.

**Any failure to appear for deposition or comply with discovery may result in the imposition of sanctions, including the sanction of dismissal with prejudice.**; and it is further

  **ORDERED** that the Clerk of the Court is directed to serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

  **IT IS SO ORDERED.**

Dated: <u>July 17, 2023</u>
   Syracuse, New York

*[Signature]*
Brenda K. Sannes
Chief U.S. District Judge